UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KERSTIN LYNZY KUNZ, <br><br> Plaintiff, <br><br> vs. <br><br><br><br> EQUIFAX INFORMATION SERVICES, LLC; TRANSUNION, LLC; and M&T BANK CORPORATION. <br><br> Defendants. | Case No.: <br><br><br><br><br> COMPLAINT |

Plaintiff, Kerstin Lynzy Kunz (hereinafter "Plaintiff" or "Kunz") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Salt Lake County, Utah.

5. Defendant Equifax Information Services, LLC ("Equifax") is a business entity that regularly conducts business in Utah with its principal place of business as 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. §

1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Defendant TransUnion, LLC ("TransUnion") is a business entity that regularly conducts business in Utah with its principal place of business as 555 West Adams, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

7. Defendant M & T Corporation ("M & T") is a corporation that regularly conducts business in Utah with its principal place of business at One M&T Plaza 345 Main Street Buffalo, New York 14203. M & T is a nationally renowned bank holding company that regularly conducts business within the State of Utah. M & T is a furnisher of information to the credit reporting agencies.

## FACTUAL STATEMENT

8. In 2016, on a date better known by Defendant M & T, Plaintiff obtained a VA Real Estate Mortgage with M & T bearing an account number 738010147**** (the "Account").

9. On a date better known by Defendant M & T, the Account was transferred, sold, or otherwise purchased by another unknown lender.

10. After that point in time, Plaintiff indisputably was no longer obligated to make monthly payments on the Account to M & T, as the debt had been transferred, sold, or otherwise purchased by another unknown lender.

11. Despite this, M & T continues to credit report to Equifax, and TransUnion that Plaintiff's payment status is late by greater than 120 days as to Equifax and TransUnion.

12. A payment status of "Late 120 Days" is false and misleading because the balance owed to M & T is clearly and unambiguously $0.00.

13. The inaccurate reporting of Plaintiff's late payment status negatively affects Plaintiff's credit worthiness.

14. As a result of the inaccuracy and/or error, Plaintiff is made to appear to creditor's as having a poor history of timely payments.

15. After receiving a dispute from Plaintiff concerning the erroneous information as the M & T Account, Defendants Equifax and TransUnion forwarded Plaintiff's disputes on to M & T.

16. Defendant M & T failed to conduct a reasonable investigation and continued reporting an erroneous late payment status.

17. Defendants Equifax and TransUnion also failed to conduct a reasonable investigation and continued allowing the reporting of an erroneous late payment status.

18. As a direct and proximate cause of Defendants' failure to perform their duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

19. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

20. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

21. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

22. After receiving Plaintiff's dispute highlighting the errors, Equifax negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

23. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

24. Equifax's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANSUNION

25. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

26. Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

27. TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28. After receiving Plaintiff's dispute highlighting the errors, TransUnion negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

29. As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

30. TransUnion's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY M & T

31. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

32. At all times pertinent hereto, M & T was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

33. M & T willfully and negligently supplied Equifax and TransUnion with information about Plaintiff that was false, misleading, and inaccurate.

34. M & T willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

35. M & T willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

36. M & T willfully and negligently failed to report the trade line as one in dispute.

37. M & T willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the

inaccurate information disputed by Plaintiff. Had it done so, it would not have reported an erroneous monthly payment obligation.

38. M & T willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

39. M & T willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

40. As a direct and proximate cause of M & T's failure to perform its duties under the FCRA, Plaintiff has suffered injury to her credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

41. M & T's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, M & T was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against M & T for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

42.     Plaintiff demands a jury trial on all issues so triable.

Dated this 21st of July 2021

                                        Respectfully Submitted,

                                        /s/ *Daniel Zemel*
                                        Daniel Zemel, Esq.
                                        Zemel Law LLC
                                        660 Broadway
                                        Paterson, New Jersey 07514
                                        T:  862-227-3106
                                        F:  973-282-8603
                                        dz@zemellawllc.com
                                        *Attorneys for Plaintiff*